Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

August 28, 2026

**By ECF**

The Honorable Margo K. Brodie
Chief United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

**RE: United States v. Pierre Lee, 26 CR 143 (MKB)**

Dear Judge Brodie:

We write in response to the Court's order of August 27, 2026 to inform the Court of which motions remain outstanding should the Court accept Mr. Lee's guilty pleas to Counts One, Two, Three, and Five before trial.

Mr. Lee moved: 1) to dismiss Count Four of the indictment for failure to state an offense; 2) to suppress any statement allegedly made by him to law enforcement after his arrest; 3) for a separate trial for Counts One and Two; 4) to dismiss Count Five of the indictment. (Dkt. No. 22). Mr. Lee's guilty plea would render his severance motion moot. The other motions would not be mooted by his plea, but his motion to dismiss Count Five (the felon-in-possession count) need not be decided before trial.

The government filed a disclosure pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) which included a motion to preclude cross-examination of the disclosed material. (Sealed Dkt. No. 24). At present, Mr. Lee does not intend cross-examine any law enforcement witness about the information disclosed in the government's letter. We will inform the Court if we determine that we will use that information at trial.

The government moved *in limine* to: (1) admit statements of the defendant when offered by the government and preclude the defendant from offering self-serving hearsay; (2) admit evidence of the defendant's prior crimes, wrongs or acts pursuant to Rule 404(b); (3) permit cross-examination of the defendant regarding his prior conviction if he opens the door; (4) admit body-worn camera video footage; (5) Authenticate and/or admit records by certification; (6) preclude questioning and arguments regarding the propriety of the government's investigation; (7) preclude evidence and arguments inviting jury nullification; (8) preclude evidence and

argument concerning possible punishment and collateral consequences; and (9) request that the defendant produce any Rule 16 materials. (Dkt. No 23). None of these requests appear to be mooted by Mr. Lee's guilty pleas. However, the government's request to admit evidence of uncharged acts was based almost entirely on the (specious) argument that a fifteen year old robbery conviction could be used as proof of identity in this prosecution. Since Mr. Lee will have admitted identity by pleading guilty to Count Three and that element will be established by that plea and for the reasons stated in his response to that motion, the court should deny the government's request under Fed. R. Evid. 404(b) and 403.

Thank you for your attention to this matter.

Respectfully submitted,

__________/s/________________
MICHAEL K. SCHNEIDER
Federal Defenders of NY, Inc.
One Pierrepont Plaza, 16th Floor,
Brooklyn, N.Y. 11201
(718) 330-1161

__________/s/_________________
Falon Rainer
Federal Defenders of NY, Inc.
One Pierrepont Plaza, 16th Floor,
Brooklyn, N.Y. 11201
(718) 330-1240

*Attorneys for Mr. Pierre Lee*

cc: Clerk of the Court (by ECF)
AUSA Joseph P. Klemme (by ECF and email)
AUSA Brachah Goykadosh (by ECF and email)
Mr. Pierre Lee (by hand)