UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

- against -

PIERRE LEE,

Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
26-CR-143 (MKB)

MARGO K. BRODIE, United States District Judge:

Pierre Lee was charged by indictment with: (1) one count of bank robbery (Count One); (2) two counts of attempted bank robbery (Counts Two and Three); (3) one count of using, carrying or possessing a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c) ("Section 924(c)" and the "Section 924(c) Charge") (Count Four, with the predicate charge as Count Three); and (4) one count of illegal possession of a firearm and ammunition pursuant to 18 U.S.C. § 922(g) ("Section 922(g)" and the "Section 922(g) Charge") (Count Five). (Indidctment, Docket Entry No. 7; *see also* Compl., Docket Entry No. 1.) The charges relate to three separate incidents that occurred on April 21, 2026 ("April 21st Robbery," associated with Count One), April 22, 2026 ("April 22nd Attempted Robbery," associated with Count Two), and April 24, 2026 ("April 24th Attempted Robbery," associated with Count Three and the predicate charge for the Section 924(c) Charge). The Section 924(c) Charge and the Section 922(g) Charge are based on a search conducted on April 24, 2026, after Lee's arrest that day.[1]

[1] On September 1, 2026, Lee pleaded guilty to the April 21st Robbery, April 22nd Attempted Robbery, April 24th Attempted Robbery, and the Section 922(g) Charge. (Min. Entry dated Sep. 1, 2026.) Trial began on September 8, 2026 as to the Section 924(c) Charge only and concluded on September 10, 2026 when Lee was found guilty of the Section 924(c) Charge by a

On August 12, 2026, Lee moved to dismiss the Section 924(c) Charge, arguing that recent Supreme Court law abrogated Second Circuit precedent and requires dismissal of the count, and the Section 922(g) Charge, arguing 18 U.S.C. § 922(g) violates his Second Amendment rights; the Government opposed the motions.[2] For the reasons discussed below, the Court denies both of Lee's motions.[3]

## I. Background

The Government alleges that during each robbery and attempted robbery, Lee entered a bank and provided a handwritten note to the teller stating that he was armed and requesting money.[4]

---

jury. (*See* Min. Entry dated Sep. 8, 2026; Min. Entry dated Sep. 10, 2026; Jury Verdict, Docket Entry No. 55.)

[2] (Def.'s Notice of Mot. to Dismiss, Suppress, and Sever ("Def.'s Pretrial Mots."), Docket Entry No. 22; Def.'s Mem. in Supp. of Def.'s Pretrial Mots. ("Def.'s Mem."), appended to Def.'s Pretrial Mots., Docket Entry No. 22-1; Gov't's Opp'n to Def.'s Pretrial Mots. ("Gov't's Opp'n"), Docket Entry No. 27; Def.'s Reply in Supp. of Def.'s Pretrial Mots. ("Def.'s Reply"), Docket Entry No. 30.) Because Lee's memorandum of law in support of his motions is not paginated, the Court refers to the page numbers assigned by the Electronic Court Filing ("ECF") system.

Lee also moved to suppress his post-arrest statements and sever his trial for the April 21st Robbery and April 22nd Attempted Robbery from the April 24th Attempted Robbery, Section 924(c) Charge, and Section 922(g) Charge. (Def.'s Pretrial Mots.; Def.'s Mem.) However, on August 27, 2026, Lee requested a change of plea hearing, representing that he intended to plead guilty to the April 21st Robbery, April 22nd Attempted Robbery, April 24th Attempted Robbery, and the Section 922(g) Charge. (Def.'s Request for Change of Plea Hr'g, Docket Entry No. 32.) Lee informed the Court that his change of plea rendered moot his motion to sever, (Def.'s Ltr. dated Aug. 28, 2026 1, Docket Entry No. 37), and the Government informed the Court that Lee's change of plea rendered moot Lee's motion to suppress since the Government represented that it would no longer seek to introduce Lee's statement, (Gov't's Ltr. dated Aug. 28, 2026, Docket Entry No. 35). Lee informed the Court that his motion to dismiss the Section 924(c) Charge and Section 922(g) Charge remained outstanding." (Def.'s Ltr. dated Aug. 28, 2026.)

[3] After the September 1, 2026 change of plea hearing and at the September 2, 2026 final pre-trial conference, the Court denied Lee's motions to dismiss the Section 924(c) Charge and the Section 922(g) Charge on the record. (Min. Entry dated Sep. 1, 2026; Min. Entry dated Sep. 2, 2026.) This Memorandum and Order provides the Court's reasons for denying both motions.

[4] The Government's memorandum of law in support of its motions *in limine* only describes the note passed during the April 21st Robbery and April 24th Attempted Robbery which stated that Lee was armed. (Gov't's Mem. in Supp. of Mots. in Limine ("Gov't's Mem.") 2–4, Docket Entry

(Def.'s Mem. 1.) During the April 21st Robbery, the teller gave Lee $2,155.00 in cash. (*Id.*; Gov't's Mem. 3.) However, during the April 22nd and the April 24th Attempted Robberies, the tellers did not provide Lee with any money. (Def.'s Mem. 1; *see also* Gov't's Mem. 3.) During each of the incidents, Lee demanded the bank employee return the handwritten note and, as conceded to by the Government, walked out of the bank without displaying or brandishing any weapon or assaulting anyone.[5] (Gov't's Mem. 2–4; Def.'s Mem. 1.) During the April 24th Attempted Robbery, the Government contends that Lee was carrying a red Target bag. (Gov't's Mem. 3–4.)

Approximately thirty minutes after the April 24th Attempted Robbery, NYPD officers arrested Lee while he was walking out of a subway station. (Def.'s Mem. 1; Gov't's Mem. 3–4.) Lee was carrying a grey Snipes bag with a red Target bag on the inside of the Snipes bag. (Gov't's Mem. 4.) At the 62nd Precinct, officers conducted a search incident to arrest of the gray Snipes bag which revealed a firearm, ammunition and a red Target bag, along with black clothing,[6] bank and identification cards belonging to Lee, $1,263 in cash, and the handwritten note Lee had passed to the bank teller earlier that day. (*Id.* at 4; *see also* Def.'s Mem. 2.) Following his arrest, NYPD

---

No. 23.) However, during his change of plea hearing on September 1, 2026, Lee admitted that he passed a note to the tellers during the April 21st Robbery, April 22nd Attempted Robbery, and April 24th Attempted Robbery, all of which stated that he was armed. (Change of Plea Hr'g Tr. 25:20–26:23, Docket Entry No. 52.)

[5] During his change of plea hearing, Lee confirmed that during the April 21st Robbery, April 22nd Attempted Robbery, and April 24th Attempted Robbery, he entered the relevant bank, passed the teller a note, received money during the April 21st Robbery but did not receive any money during the April 22nd and April 24th Attempted Robberies, and walked out of the bank with the note. (Change of Plea Hr'g Tr. 25:20–27:2.)

[6] The Government contends that Lee "changed his clothing" after committing the April 24th Attempted Robbery but before being arrested at the Bay Parkway Subway Station. (Gov't's Mem. 4.) The Government also alleges that Lee changed out of a long-sleeved black top and into a blue Mets T-shirt and put on a black hat and that, at the time of his arrest, the officers found the black clothing in the Snipes bag that matched what Lee wore during the April 24th Attempted Robbery. (*Id.*)

officers attempted to question Lee. (Def.'s Mem. 2.) After the officers read Lee his *Miranda* rights, Lee requested to speak to an attorney, and the officers terminated the interview. (*Id.*)

On April 25, 2026, Lee made his initial appearance in Kings County Criminal Court in connection with the April 21st Robbery and April 22nd Attempted Robbery.[7] (*Id.*) Lee was appointed counsel and, pursuant to the state judge's order, Lee remained in custody and was held at Rikers Island. (*Id.*) On May 1, 2026, federal agents took custody of Lee from Rikers Island by car, with intent to take Lee to the federal courthouse in Brooklyn to appear on a complaint charging him with attempted bank robbery. (*Id.*) During the car ride, one agent asked Lee: "What's your deal, pal?" (*Id.*) In response, the Government alleges Lee stated: "I just walked into the bank and passed them a note."[8] (*Id.*)

## II. Discussion

### a. Motion to dismiss the Section 924(c) Charge

Lee argues: (1) 18 U.S.C. § 2113(a)'s ("Section 2113(a)") first paragraph is divisible from its second paragraph but not within itself; (2) *United States v. Taylor*, 596 U.S. 845 (2022) should be interpreted to hold that attempted bank robbery in violation of Section 2113(a) is not categorically a crime of violence under Section 924(c); (3) *Taylor* abrogates the Second Circuit's holding in *Collier v. United States*, 989 F.3d 212 (2d Cir. 2021) and therefore *Collier* "is no longer good law to the extent that it held that attempted bank robbery categorically qualifies as a crime of violence under the elements clause"; (4) pursuant to *Taylor*'s holding, even a completed bank robbery under Section 2113(a) is not a crime of violence under the elements clause; and (5) the Government's out-of-circuit authorities establish only a division of authority. (Def.'s Mem. 3–11;

[7] On June 16, 2026, the local prosecutor moved to dismiss these charges. (Def.'s Mem. 2.)

[8] Lee's previously appointed state public defender was not present during this questioning. (Def.'s Mem. 2.)

Def.'s Reply 1–7.) Lee notes in his reply that the Court need not address the divisibility and *mens rea* arguments to decide his motion to dismiss the Section 924(c) Charge. (Def.'s Reply 7.)

The Government argues: (1) Section 2113(a)'s first paragraph is divisible within itself; (2) *Collier*'s binding precedent held that attempted bank robbery under Section 2113(a) is a crime of violence and *Taylor* does not impact *Collier*'s holding; and (3) completed bank robbery is also a crime of violence under binding Second Circuit case law. (Gov't's Opp'n 3–13.)

"Section 924(c) imposes a mandatory consecutive term of imprisonment when 'any person' uses, as relevant here, a [firearm] 'during and in relation to any crime of violence . . . .'" *Medunjanin v. United States*, 99 F.4th 129, 133 (2d Cir. 2024) (quoting 18 U.S.C. §§ 924(c)(1)(A)–(B)). Section 924(c) defines a crime of violence in two ways: by reference to an "elements" clause and a "residual" clause. *Id.*; *see also* 18 U.S.C. §§ 924(c)(3)(A)–(B).[9] Under the elements clause, an offense is a crime of violence if the offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see also United States v. Eldridge*, 63 F.4th 962, 964 (2d Cir. 2023) (quoting *id.*).

"To determine whether an offense constitutes a crime of violence, courts employ the 'categorical approach'; the appropriate inquiry is whether the relevant felony 'has as an element the use, attempted use, or threatened use of physical force.'" *Medunjanin*, 99 F.4th at 134 (quoting *Taylor*, 596 U.S. at 850); *see also United States v. Ullah*, 173 F.4th 399, 428 (2d Cir. 2026) (quoting 18 U.S.C. § 924(c)(3)(A)). Under this approach, a court does "not consider the particular facts before [it];" rather, the court must "'identify the minimum criminal conduct necessary for conviction under a particular statute' by 'look[ing] only to the statutory definitions — i.e., the

[9] In *United States v. Davis*, the Supreme Court struck down the residual clause as "unconstitutionally vague." 588 U.S. 445, 470 (2019); *see United States v. Barrett*, 102 F.4th 60, 69 (2d Cir. 2024) (explaining that *Davis* held that the residual definition of a crime of violence was unconstitutionally vague).

elements — of [the] offense." *United States v. Pastore*, 83 F.4th 113, 118 (2d Cir. 2023) (second and third alterations in original) (quoting *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018)); *see also Ullah*, 173 F.4th at 428 ("'Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute'; that is, 'courts look only to the statutory definitions — *i.e.*, the elements — of the offense, and *not* to the particular underlying facts.'" (quoting *Hill*, 890 F.3d at 55)); *Eldridge*, 63 F.4th at 964 (quoting same); *United States v. Jordan*, No. 19-3032, 2024 WL 445000, at *1 (2d Cir. Feb. 6, 2024) (summary order) ("To determine whether the predicate offense is a crime of violence, courts apply a categorical approach under which they 'identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions' and 'evaluate whether this minimum conduct falls within the definition of a crime of violence under [S]ection 924(c)(3)(A).'" (quoting *Pastore*, 83 F.4th at 118)), *cert. denied*, 145 S. Ct. 1471 (2025).

"For certain statutes that 'list elements in the alternative, and thereby define multiple crimes,' [the Second Circuit] ha[s] deemed the statute to be divisible and applied a 'modified' categorical approach." *Pastore*, 83 F.4th at 118 (quoting *Mathis v. United States*, 579 U.S. 500, 505 (2016)); *see also United States v. Ross*, 177 F.4th 216, 219–20 (2d Cir. 2026) ("A statute is *divisible* if it 'lists elements in the alternative, and, in doing so, creates a separate crime associated with each alternative element.' A statute is *indivisible* if it 'creates only a single crime' even though 'it may spell out various factual ways, or means, of committing some component of the offense.'" (quoting *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017))). Under the modified categorical approach, the court "may review a limited class of documents from the record of conviction" to determine what crime, with what elements, a defendant is charged with and then will return to the categorical analysis to compare the elements of the charged predicate offense with Section 924(c)'s definition of a crime of violence. *Ullah*, 173 F.4th at 428 (quoting *Pastore*, 83 F.4th at 118–19)); *Ross*, 177

F.4th at 219–20 ("Divisible statutes are analyzed under a modified categorical approach, which allows examination of 'a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements[,]' underlies the defendant's predicate conviction." (quoting *Mathis*, 579 U.S. at 505)). This approach "merely helps implement the categorical approach when a defendant [is charged with] violating a divisible statute." *Descamps v. United States*, 570 U.S. 254, 263 (2013).

**i. Section 2113(a)'s divisibility**

Lee argues that the first paragraph "creates one indivisible offense, which can be committed either 'by force and violence, or by intimidation, takes' or 'obtains or attempts to obtain by extortion' anything of value from a bank." (Def.'s Mem. 5.) Instead of separate offenses, Lee argues that paragraph one is "simply different means of commission."[10] (*Id.* at 6.)

The Government contends that Section 2113(a)'s first paragraph is divisible within itself into bank robbery and bank extortion. (Gov't's Opp'n 5–7.) The Government further contends that Lee's argument relies on out-of-circuit decisions and this exact argument was recently rejected by District Judge Carol B. Amon of the Eastern District of New York in *United States v. Randazzo*, No. 26-CR-74, 2026 WL 2185552 (E.D.N.Y. July 24, 2026). (*Id.* at 6.)

Section 2113(a) states:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan

[10] In his reply, Lee states that the Court need not address his divisibility arguments to decide this motion. (Def.'s Reply 7.) The Court addresses the divisibility issue in this Memorandum and Order.

> association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny —
> Shall be fined under this title or imprisoned not more than twenty years, or both.

In *United States v. Moore*, the Second Circuit held that Section 2113(a) was divisible by the two paragraphs because "each contain[e]d a separate version of the crime of federal bank robbery." 916 F.3d 231, 238 (2d. Cir. 2019) (citing *United States v. Wilson*, 880 F.3d 80, 84 n.3 (3d Cir. 2018)); *see United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019) (noting that the Second Circuit "recently held that § 2113(a) is a 'divisible' statute because it contains two separate paragraphs that 'delineate[ ] two methods of committing' credit union robbery" (alteration in original) (quoting *id.*)); *see also Collier*, 989 F.3d at 219 n.9 (adopting and incorporating Second Circuit case law that treats the first and second paragraphs of Section 2113(a) as divisible); *United States v. Evans*, 924 F.3d 21, 28 (2d Cir. 2019) (analyzing the first paragraph of Section 2113(a) independently of the second paragraph).

Judge Amon recently analyzed whether Section 2113(a) is a divisible statute in *Randazzo* and rejected the argument that it is not divisible, relying on Second Circuit case law. 2026 WL 2185552, at *2. The court found that "[t]he first paragraph of § 2113(a) sets out two distinct crimes: one that is committed when someone, 'by force and violence, or by intimidation, takes or attempts to take' a financial institution's property, and one that is committed when someone, 'obtains or attempts to obtain by extortion' that property." *Id.* (quoting Section 2113(a)). Judge Amon held that "[a]ny other finding would contradict Second Circuit precedent" from *Evans* where the Second Circuit stated that Section 2113(a) "contains at least two separate offenses, bank robbery and bank extortion." *Id.* (quoting *Evans*, 924 F.3d at 28). The Second Circuit subsequently ratified *Evans*' findings in *Collier* where it again stated that bank extortion was a separate crime under

Section 2113(a).[11] *Id.* (citing *Collier*, 989 F.3d at 219 n.9). After finding that Section 2113(a)'s first paragraph is divisible into bank robbery and bank extortion, Judge Amon found that the defendant was charged by indictment with bank robbery by force, violence and intimidation and held that the charge was a crime of violence under Second Circuit law. *Id.* (citing *Hendricks*, 921 F.3d at 327).

Applying Second Circuit law and *Randazzo*, the Court concludes that Section 2113(a)'s first paragraph is divisible into bank robbery and bank extortion. Using the modified categorical approach, the indictment and the facts underlying it demonstrate that the indictment charges Lee with completed and attempted bank robbery (relating to the April 21st Robbery and the April 22nd and April 24th Attempted Robberies) and not extortion as the predicate offense. (*See* Indictment.) The Court therefore discusses why bank robbery and attempted bank robbery are crimes of violence.

**ii. *Taylor*'s impact, or lack thereof, on *Collier* regarding whether attempted bank robbery is a crime of violence**

Lee argues that attempted bank robbery is not categorically a crime of violence under the elements clause citing to the Supreme Court's decision in *Taylor*. (Def.'s Mem. 6–9.) He reasons that *Taylor* established that a federal offense qualifies as a crime of violence "only if *every* violation of the statute necessarily requires proof of the use, attempted use, or threatened use of physical force" and because the Government needs to prove that a defendant (1) intended to commit bank robbery by force and violence or intimidation and (2) that the defendant took a substantial step toward that crime, applying *Taylor*'s holding that the "substantial step" issue does not satisfy the force requirement of the elements clause and relying on Supreme Court Justice Neil Gorsuch's

---

[11] Decisions from the First, Third, Ninth and Eleventh Circuits support *Randazzo*. *United States v. Randazzo*, No. 26-CR-74, 2026 WL 2185552, at *2 (E.D.N.Y. July 24, 2026) (collecting cases).

hypothetical explaining that a defendant can commit attempted Hobbs Act robbery by taking a substantial step towards making an empty threat, attempted bank robbery also cannot be considered a crime of violence as it can be completed by an attempted bluff without ever using or threatening to use force. (*Id.* at 6–8.) Lee further contends that *Taylor* abrogates the Second Circuit's decision in *Collier*, which held that attempted bank robbery categorically qualifies as a crime of violence under the elements clause, because "*Taylor* directly addressed and rejected the reasoning that undergirded *Collier* — namely that an attempt offense categorically satisfies the elements clause when the completed offense can be committed by intimidation or threat." (*Id.* at 9.) In response to the Government's argument that *Taylor* does not impact *Collier*, Lee argues: (1) that the Government's position "cannot be reconciled with fifty years of the Second Circuit's attempt jurisprudence" that affirm conditions for attempted bank robbery where the defendant never used force nor never communicated a threat, (Def.'s Reply 1); (2) the Government's reasoning of Section 2113(a) cannot be reconciled with *United States v. Jackson*, 560 F.2d 112 (2d Cir. 1977) and *United States v. Stallworth*, 543 F.2d 1038 (2d Cir. 1976) which both affirmed convictions where there were no threats of intimidation or force made, (*id.* at 2); and (3) that the Government's "out-of-circuit authorities establish only a division of authority" about whether attempted bank robbery is a crime of violence, (*id.* at 6).

The Government argues Lee misreads *Taylor*, *Collier*, and Section 2113(a) and the Court should reject his argument. (Gov't's Opp'n 7–11.) First, the Government contends that the Second Circuit has not held that *Collier* has been overruled. (*Id.* at 8.) Since a district court is required to follow a precedential Second Circuit decision "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit," the Court is bound by *Collier* because it "cannot be said that *Collier* will 'inevitably be overruled by the Second

Circuit.'" (*Id.* (emphasis omitted) (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2025), *aff'd*, 854 F.3d 197 (2d Cir. 2017)).) Second, the Government argues that *Collier* is consistent with *Taylor*, in as much as they interpret entirely different statutes, and therefore remains good law. (*Id.* at 8–11.) In support, the Government argues that the construction of each statute differs and therefore, *Taylor*'s holding that an attempted Hobbs Act robbery does not require use of force to prove every element and does not contradict *Collier*'s holding that an attempted bank robbery requires use of force to prove every element. (*Id.*) The Government cites to the Third Circuit's recent decision in *United States v. Vines* that directly rejected the arguments made by Lee in this case. (*Id.* at 9 (citing 134 F.4th 730 (3d Cir. 2025).)

In *Taylor*, the Supreme Court applied the categorical approach to attempted Hobbs Act robbery and determined that it was not categorically a crime of violence. 596 U.S. at 850–52; *see also Bowe v. United States*, 607 U.S. 13, 20 (2026) (reciting the holding of *Taylor*); *Barnes v. United States*, 162 F.4th 58, 59, 63 (2d Cir. 2025) (same); *Medunjanin*, 99 F.4th at 134–35 (same). The Supreme Court observed that attempted Hobbs Act robbery could be completed without the use of force, attempted use of force, or threatened use of force, as required to support a conviction pursuant to Section 924(c). *Taylor*, 596 U.S. at 850–52; *Medunjanin*, 99 F.4th at 135 (explaining that *Taylor* found that attempted Hobbs Act robbery could be committed "through the mere *attempted threat* of force" which "necessarily followed then that attempted Hobbs Act robbery did not categorically involve the use, attempted use, or threatened use of physical force"); *Pastore*, 83 F.4th at 121 (similar). Specifically, the Supreme Court reasoned that attempted Hobbs Act robbery could be proven when one attempts (*i.e.*, takes a "substantial step" toward) threatening to use force, but does not actually do so.[12] *Taylor*, 596 U.S. at 851–52; *United States v. McCoy*, 58 F.4th 72, 74

[12] The hypothetical provided by Justice Gorsuch in *United States v. Taylor* is as follows:

> Suppose Adam tells a friend that he is planning to rob a particular store

(2d Cir. 2023) (describing *Taylor*'s finding that "the government need only prove [for attempted Hobbs Act robbery] that the defendant intended to take property by force or threat and then took a substantial step to achieve that end — which hypothetically could fall short of the use, attempted use, or threatened use of force against another person or his property").

In *Taylor*, the Supreme Court made two additional observations. First, the Supreme Court assumed, without deciding, that completed Hobbs Act robberies are categorically crimes of violence. 596 U.S. at 851 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."); *see also Ullah*, 173 F.4th at 429–30 (quoting *id.*). Second, the Supreme Court rejected the government's argument that courts engaging in the categorical approach should also apply the "realistic probability" test set forth in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), to limit the categorical approach to only those cases that reflect "how [a] crime of conviction is normally committed or usually prosecuted." *Id.* at 858–59; *see also id.* (rejecting the government's contention, and explaining that *Duenas-Alvarez*

---

> on a particular date. He then sets about researching the business's security measures, layout, and the time of day when its cash registers are at their fullest. He buys a ski mask, plots his escape route, and recruits his brother to drive the getaway car. Finally, he drafts a note — "Your money or your life" — that he plans to pass to the cashier. The note is a bluff, but Adam hopes its implication that he is armed and dangerous will elicit a compliant response. When the day finally comes and Adam crosses the threshold into the store, the police immediately arrest him. It turns out Adam's friend tipped them off.
>
> There is little question the government could win a lawful conviction against Adam for attempted Hobbs Act robbery. After all, he intended to take property against the cashier's will by threat of force, and his actions constituted a substantial step toward that goal. At the same time, this example helps show why attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause. Adam did not "use" physical force. He did not "attempt" to use such force — his note was a bluff and never delivered. And he never even got to the point of threatening the use of force against anyone or anything. He may have intended and attempted to do just that, but he failed.

596 U.S. 845, 851–52 (2022).

was inapplicable, *inter alia*, because it involved federalism concerns relating to federal courts making judgments about the meanings of state statutes in the immigration context); *Ullah*, 173 F.4th at 433 n.22 (quoting *id.*).

In *Collier*, the Second Circuit applied the categorical approach to attempted bank robbery under Section 2113(a) and determined that it was categorically a crime of violence. 989 F.3d at 220–21; *see also Gomez v. United States*, 87 F.4th 100, 108 (2d Cir. 2023) (quoting *Collier* when discussing the categorical approach). First, the Second Circuit noted its prior *Hendricks* decision which held that federal bank robbery under Section 2113(a) committed by intimidation categorically constituted a crime of violence. *Collier*, 989 F.3d at 220 (citing *Hendricks*, 921 F.3d at 328); *see also Regis v. United States*, No. 05-CR-1331, 2022 WL 102712, at *2 (S.D.N.Y. Jan. 11, 2022) (citing *Hendricks* for bank robbery and *Collier* for attempted bank robbery for the holding that both categorically constitute "crimes of violence"). Similarly, the Second Circuit found that a conviction for attempted bank robbery under Section 2113(a)'s first paragraph requires that the bank robbery have been committed by "'force and violence, or intimidation." *Collier*, 989 F.3d at 220; *see United States v. Lovick*, 671 F. Supp. 3d 468, 475–76 (S.D.N.Y. 2023) (quoting *id.*); *see also Randazzo*, 2026 WL 2185552, at *2 (explaining that *Collier* held that Section 2113(a) was divisible into two paragraphs and its first paragraph was divisible into crimes for "bank robbery" and "bank extortion," but the first paragraph for "bank robbery" was not divisible into itself). Second, the Second Circuit explicitly rejected the defendant's argument that taking a substantial step does not necessarily require the "use, attempted use, or threatened use of physical force" such that it does not satisfy a crime of violence by interpreting the statute to require both the completed crime and its attempt be effectuated "by force, violence, or by intimidation." *Collier*, 989 F.3d at 221; *see also United States v. Pedro*, No. 03-CR-346, 2024 WL 3518359, at *2 (S.D.N.Y. July 24, 2024) ("Clearly 'by force and violence' satisfies the categorical test — by force and violence

necessarily involves the use of force. So too does the element of 'by intimidation.'" (first citing *Hendricks*, 921 F.2d at 328; and then citing *Collier*, 989 F.3d at 220)). The Second Circuit pointed to the statutory construction of Section 2113(a) which requires that the defendant "'by force, violence, or by intimidation . . . attempt[ ] to take' the property at issue." *Collier*, 989 F.3d at 221 (alterations in original) (quoting Section 2113(a)); *see also Lovick*, 671 at 475–76 (quoting *id.*).

Lee argues that the Court is not restrained by *Collier* due to the impact of *Taylor*, but as the Government argues, a district court is required to follow precedential Second Circuit law unless it has been overruled by the Second Circuit itself or, more relevant here, "a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *Diaz*, 122 F. Supp. 3d at 179. The Court cannot find that *Taylor* "so undermines" *Collier* such that *Collier* "will almost inevitably be overruled by the Second Circuit." *Id.* At least one other Circuit court has held, post-*Taylor*, that attempted bank robbery is categorically a crime of violence, demonstrating that *Collier*'s decision is not completely at odds with *Taylor*. *See Vines*, 134 F.4th at 740.

The Third Circuit in *Vines* notes that the Circuit Court of Appeals are divided about whether attempted bank robbery under Section 2113(a) is a crime of violence, with the Second, Fifth and Seventh Circuits holding it is, and the Fourth, Sixth and Ninth Circuits holding it is not; the Third Circuit found it was a crime of violence (aligning with *Collier* post-*Taylor*). *Id.* at 734–35. First, the Third Circuit held that "by force and violence, or by intimidation" modifies both "takes" and "attempts to take" so "even for an attempt, the government must prove force, violence, or intimidation." *Id.* at 735–36. It therefore found that robbery under Section 2113(a), "whether by attempt or not, is a crime of violence under § 924(c)(3)(A)." *Id.* at 737. Second, the Third Circuit rejected the defendant's invocation of *Taylor*. *Id.* at 738. The Third Circuit found that while *Taylor* held that attempted Hobbs Act robbery is not a crime of violence, "that was because the verb

'attempt' works differently in the Hobbs Act" statute. *Id.* The Hobbs Act statute states, "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do . . . ." *Id.* (second alteration in original) (quoting 18 U.S.C. § 1951(a)). The court reasoned that in Section 2113(a) "both sets of verbs are the sandwich's filling" while "[b]y contrast, in the Hobbs Act [statute], the main verbs are the bread." *Id.* The Third Circuit illustrated this point[13] and held that the force element, by robbery, only modifies what precedes it and not what both precedes and follows it. *Id.* The court therefore found that "there is no force or violence element in attempted Hobbs Act robbery: [i]t just requires showing that '[t]he defendant intended to unlawfully take personal property by means of actual or threatened force' and completed a substantial step toward doing so." *Id.* (second alteration in original) (quoting *Taylor*, 596 U.S. at 851). "By contrast, § 2113(a) is more specific: The adverbial phrase requiring force, violence, or intimidation limits the verb 'attempt.' Not every attempt counts — only those done by force, violence, or intimidation

---

[13] The illustrations used by the Third Circuit in *United States v. Vines*, 134 F.4th 730, 738 (3d Cir. 2025):



do." *Id.* The Third Circuit did not apply *Taylor* "[b]ecause the Hobbs Act is built differently from § 2113(a)" and needs to be "read [ ] differently." *Id.*

The Court finds the Third Circuit's reasoning in *Vines* to be persuasive, and while not binding authority, the Court is nevertheless persuaded by the reasoning of this decision. *Vines* supports the Government's argument and this Court's finding that *Collier* will not inevitably be overruled by the Second Circuit in light of the Supreme Court's decision in *Taylor* and therefore the Court will not disregard *Collier*. *See Diaz*, 122 F. Supp. 3d at 179. Lee's argument against *Vines* is that it is out-of-circuit authority that shows that sister circuits are split on whether attempted bank robbery is a crime of violence. The Second Circuit already found that attempted bank robbery is a crime of violence, and *Vines* demonstrates that *Taylor* is not inapposite.

Since *Taylor*, the Court was only able to find two district court cases in the Second Circuit that addressed a challenge to *Collier* given *Taylor*'s holding, both of which are not directly on point. In *Pedro*, District Judge Sidney H. Stein of the Southern District of New York first applied Second Circuit case law to hold that the first paragraph of Section 2113(a) is divisible into bank robbery and bank extortion and therefore applied the modified categorical rule. 2024 WL 3518359, at *2–3. Second, the court found that federal bank robbery is a crime of violence under Second Circuit law. *Id.* at *3. The court therefore denied the petitioner's 18 U.S.C. § 2255 motion based on the Supreme Court's decision in *Taylor*. *Id.* However, *Pedro* does not address attempted bank robbery, only completed bank robbery. In *Lovick*, the court, *sua sponte*, raised the issue of the impact of *Taylor* and whether it had "any bearing on whether New York Penal Law § 120.14 is a crime of violence, mindful that § 120.14, like the Hobbs Act statute, provides for attempt liability," and the court held it did not. 671 F. Supp. 3d at 475. District Judge Paul A. Engelmayer of the Southern District of New York found that Section 120.14 "is of a different character" than Hobbs Act robbery because "[i]t does not provide for liability based on threats." *Id.* Section 120.14 instead deals with

menacing in the second degree and states that a person is guilty when "[h]e or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ." *Id.* at 472 (quoting N.Y. Penal L. § 120.14). The court found that *Collier* was "highly persuasive authority" because "Section 120.14(1) is of a piece with § 2113(a), in that each statute applies to a person who actually places a person in fear of bodily injury or attempts to do so." *Id.* at 476. While *Lovick* does not address attempted bank robbery, it does address attempted menacing, a similar crime, applies *Collier* post-*Taylor*, and finds that *Taylor*'s holding is limited to the statutory construction of the Hobbs Act robbery statute and is not incompatible with *Collier*. *Id.*

The Court finds that it is not clear that *Taylor* so undermines *Collier* such that *Collier* will "almost inevitably be overruled by the Second Circuit" and therefore the Court will not disregard *Collier's* binding authority. *Diaz*, 122 F. Supp. 3d at 179.

**iii. Completed bank robbery is a crime of violence**

Lee argues that the "reasoning of *Taylor* is sufficient to require dismissal of [the Section 924(c) Charge]." (Def.'s Mem. 9.) However, Lee also contends that completed bank robbery is also not a crime of violence. (*Id.*) Lee first cites to out of circuit case law involving bank extortion and second, argues that bank robbery by intimidation does not qualify under the *mens rea* reasoning in *Borden v. United States*, 593 U.S. 420 (2021).[14] (*Id.* at 9–10.)

The Government argues that Lee is incorrect and Second Circuit case law holds that completed bank robbery by "force and violence, or intimidation" is a crime of violence. (Gov't's Opp'n 11–13.) First, it contends that Lee merely "rehashes" the same argument that Section

[14] In his reply, Lee concedes that *United States v. Hendricks*, 921 F.3d 320 (2d Cir. 2019) forecloses his argument about *mens rea* under *Borden v. United States*, 593 U.S. 420 (2021) but he seeks to preserve the argument for appellate review. (Def.'s Reply 7.)

2113(a)'s first paragraph is not divisible, while citing to out-of-circuit case law that involves bank extortion and not bank robbery. (*Id.*) Second, the Government argues that Lee incorrectly asserts that *Borden* governs and instead it contends that *Hendricks*, which held that robbery by intimidation required knowledge, governs because Section 2113(a) is not a recklessness offense. (*Id.* at 12.)

Lee's argument fails for four reasons: (1) as decided above, *Taylor* does not abrogate *Collier* nor impact Lee's charge of completed bank robbery because *Taylor* only decides attempted Hobbs Act robbery; (2) Lee relies on *United States v. Burwell*, 122 F.4th 984 (D.C. Cir. 2024), which was decided after *Taylor* and held that completed bank robbery is not a crime of violence, but, as of April of 2025, is the only Circuit Court of Appeals to make this finding, *Vines*, 134 F.4th at 735; (3) contrary to Lee's argument, Section 2113(a)'s first paragraph is divisible such that Lee is charged with bank robbery and not bank extortion (*see supra* Section II.a.i); and (4) Lee concedes that his *mens rea* argument is foreclosed by binding Second Circuit case law.

Moreover, Lee's argument questions ample Second Circuit case law holding that completed bank robbery is a crime of violence, *see Hendricks*, 921 F.3d at 327 (holding that bank robbery "'by force and violence, or by intimidation' categorically constitutes a 'crime of violence'"); *see also Collier*, 989 F.3d at 220 (upholding *Hendricks*'s decision that bank robbery committed by "force and violence, or intimidation" is a crime of violence) — even in Circuits where they conclude that attempted bank robbery is not categorically a crime of violence, they find that completed bank robbery is a crime of violence. *See Vines*, 134 F.4th at 735 (agreeing that "[l]ike almost all our sister circuits, [the Third Circuit] ha[s] held that completed bank robbery under § 2113(a) is a crime of violence," with the exception of the D.C. Circuit in *Burwell*, while explaining that the Fourth, Sixth and Ninth Circuits find that attempted bank robbery is not a crime of violence). Further, *Randazzo* and *Pedro* are prime examples holding that even post-*Taylor*, completed bank robbery, as

divisible from bank extortion, is a crime of violence in the Second Circuit. *See Randazzo*, 2026 WL 2185552, at *2; *Pedro*, 2024 WL 3528359, at *2.

The Court therefore denies Lee's motion to dismiss the Section 924(c) Charge.

**b. Motion to dismiss the Section 922(g) Charge**

Lee argues that the Section 922(g) Charge should be dismissed because: (1) Section 922(g) is unconstitutional on its face and as applied to Lee, (Def.'s Mem. 15–17); and (2) Section 922(g) exceeds Congress's Commerce Clause authority, (*id.* at 17–19). In preserving the arguments for appellate review, Lee acknowledges that both arguments are foreclosed by existing Second Circuit precedent: (1) based on *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025) and *United States v. Scott*, No. 22-2705, 2025 WL 3537339 (2d Cir. Dec. 10, 2025) (summary order) (holding that a Section 922(g) conviction was squarely foreclosed by *Zherka*), (*id.* at 15–16); and (2) *United States v. Santiago*, 238 F.3d 213 (2d Cir. 2001) (per curiam) and *United States v. Sorrentino*, 72 F.3d 294 (2d Cir. 1995), but he specifically noted that he is preserving the issue in light of Justice Thomas's recent concurrence in *United States v. Hemani*, 608 U.S. ---, 146 S. Ct. 1677 (2026) and the Fifth Circuit's decision to consider the issue *en banc* in *United States v. Squire*, 182 F.4th 481 (5th Cir. 2026) (per curiam), (*id.* at 17). (*See also* Def.'s Reply 15 (explaining that the parties agree that Lee's motion to dismiss the Section 922(g) Charge is foreclosed by Second Circuit precedent but are made for preservation purposes).)

The Government argues that Lee's motion to dismiss the Section 922(g) Charge should be denied because, as he acknowledges, his arguments are foreclosed by binding Second Circuit precedent. (Gov't's Opp'n 27.)

As agreed to by the parties, Lee's motion to dismiss the Section 922(g) Charge is foreclosed by Second Circuit case law. *See Zherka*, 140 F.4th 68 (denying the defendant's facial and as applied challenge to a Section 922(g) charge under the Second Amendment); *Santiago*, 238 F.3d

213 (denying the defendant's challenge to a Section 922(g) charge under the Commerce Clause); *see also Freeman v. Bondi*, No. 25-CV-926, 2026 WL 2254428, at *3–4, *9 (D. Conn. Aug. 5, 2026) (finding the petitioner's Second Amendment challenge to his Section 922(g) charge was "squarely foreclosed" by *Zherka* and his Commerce Clause argument was foreclosed by *Sorrentino*, but noting these arguments were raised to preserve the challenge); *Scott*, 2025 WL 3537339, at *1 (finding the petitioner's Second Amendment challenge to his Section 922(g) charge was foreclosed by Second Circuit case law).

The Court therefore denies Lee's motion to dismiss the Section 922(g) Charge.

## III. Conclusion

The Court denies Lee's motion to dismiss the Section 924(c) Charge, using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence, and Lee's motion to dismiss the Section 922(g) Charge, illegal possession of a firearm and ammunition.

Dated: September 14, 2026
Brooklyn, New York

SO ORDERED:

/s/MKB
MARGO K. BRODIE
United States District Judge